IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHESTER BANKS, III, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. 3:25-cv-03263-G (BT) |
| | § | |
| FNU RANSOM, *et al.* | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiffs Chester Banks, III, and his fiancée, Shayna Atwater, seek leave to proceed *in forma pauperis* (IFP) in this civil action. *See generally* IFP Apps. (ECF Nos. 4, 7, & 8); *see also* Compl. at 3 (ECF No. 3). For the following reasons, the Court should deny Plaintiffs' motions for leave to proceed IFP and dismiss this case without prejudice unless Plaintiffs pay the $405.00 filing fee within 30 days of an order accepting this recommendation.

**Legal Standards and Analysis**

A federal district court may authorize a person to bring a civil action IFP—that is, without the prepayment of fees—when the person submits an affidavit establishing they cannot pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). The goal of this provision is to allow access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The Court must

examine the financial condition of the applicant to determine whether the payment of fees would "cause undue financial hardship." *Id.* "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* The Court may require a plaintiff to complete a financial affidavit in support of a motion to proceed IFP. *Nottingham v. Warden, Bill Clements Unit,* 837 F.3d 438, 439-40 (5th Cir. 2016). Courts consider plaintiff's assets, income together with his spouse's income, and expenses. *See, e.g.*, *Pryor v. J.B. Hunt Transp. Servs., Inc.,* 2023 WL 6057308, at *1 (N.D. Miss. June 22, 2023) ("Courts evaluating applications to proceed *in forma pauperis* generally consider an applicant's employment, annual income, including the income of plaintiff and her spouse, expenses, and any other property or assets the individual possesses."). Courts may also "look to where the litigant's reported income is in relation to applicable poverty guidelines." *Moates v. Biden*, 2022 WL 3566451, at *1 (W.D. Tex. June 29, 2022), *rec. accepted* 2022 WL 18110176 (W.D. Tex. Oct. 18, 2022).

And because the $405 filing fee is assessed on a per-case basis, in multi-plaintiff cases, the Court evaluates whether Plaintiffs collectively have the means to pay the $405.00 filing fee. *See, e.g.*, *Digital Payments LLC v. Dep't. of Banking & Consumer Finance*, 2025 WL 597048, at *1 (S.D. Miss. Jan. 16, 2025), *rec. accepted* 2025 WL 595172 (S.D. Miss. Feb. 24, 2025) (collecting cases) (citations omitted).

Here, Plaintiff Atwater makes $5,600 a month from employment, while Plaintiff Banks made, on average, $2,500 in the last twelve months from another, unspecified source. Atwater IFP App at 1-2; Banks IFP App at 2. Plaintiff Banks does not believe this unspecified income will continue next month. Banks IFP App at 2. Plaintiffs have three dependent children and list $4,191 in monthly expenses. Atwater IFP App at 3-5; Banks IFP App at 3-5.

Based on the information provided, the Court cannot conclude that payment of the $405.00 filing fee would cause Plaintiffs undue financial hardship. Even without considering Plaintiff Banks's income from an unspecified source that he contends will not continue into the next month, Plaintiffs have a collective yearly household income of $67,200. This income places Plaintiffs well above the federal poverty threshold for a five-person household in Texas, which is $38,680. See OFFICE OF THE ASSISTANT SECRETARY FOR PLANNING AND EVALUATION, *HHS Poverty Guidelines for 2026*, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited April 27, 2026).

Further, Plaintiffs' claimed household income exceeds household expenses, resulting in a gross monthly surplus of $1,409, leaving ample funds to pay the $405.00 filing fee. *See Iluobe v. Equifax Info. Services, LLC*, 2026 WL 376377, at *1 (N.D. Miss. Jan. 20, 2026) (denying IFP application when the plaintiff's income exceeded monthly expenses and his household income was well above the poverty line) (citing *Prows*, 842 F.2d at 140; *Johnson v. Cargill, Inc.*, 2008 WL 501341, at *1 (W.D. Tenn. Feb. 21, 2008)).

Considering Plaintiffs' available income and expenses, the Court finds that Plaintiffs have not shown that paying the filing fee would impose an undue financial burden.

## Recommendation

The Court should **DENY** Plaintiffs' motions for leave to proceed *in forma pauperis* (ECF Nos. 4, 7, 8) and dismiss their case without prejudice unless they pay the $405.00 filing fee within thirty days of an order accepting this recommendation.

**SO RECOMMENDED**.

Signed April 29, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).